THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA JACKSON-SPELLS,<br><br>　　　Plaintiff,<br><br>v.<br><br>DONALD H. RUMSFELD, Secretary,<br>U.S. Department of Defense,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civ. Action No.:  06-1166 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant Donald H. Rumsfeld, Secretary, U.S. Department of Defense, in his official capacity, hereby moves this Court for an order dismissing this case for improper venue, or, alternatively, for an order transferring this case to the Eastern District of Virginia.  In support of this Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities.  A proposed order consistent with this motion is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-5309

OF COUNSEL:

BRUCE T. MCCARTY, Esq.
Defense Logistics Agency

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA JACKSON-SPELLS, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD H. RUMSFELD, Secretary, )<br>U.S. Department of Defense, )<br>)<br>)<br>Defendant. )<br>_____) | Civ. Action No.: 06-1166 (ESH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Plaintiff initiated this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging that her employer, the Department of Defense's ("DOD") Defense Logistics Agency (DLA"), Document Automation and Production Service Office ("DAPS"), discriminated against her on the basis of her race, sex, and reprisal when it failed to promote her, denied her training, created a hostile work environment, and suspended her. (Complaint "Compl." at ¶ 1-2, 49, 52, 55). Plaintiff, however, fails to allege facts which establish that the District of Columbia is the appropriate venue for her suit.

Employment discrimination cases such as Plaintiff's are governed by special venue provisions set forth in 42 U.S.C. § 2000e-5(f)(3). See In re: Horseshoe Entertainment, 337 F.3d 429, 432-433 (5th Cir. 2003). This statute provides that claims may be brought: (1) where the unlawful acts are alleged to have been committed; (2)

where the plaintiff would have worked but for the unlawful act; or (3) where employment records related to the proscribed conduct are maintained. 42 U.S.C. § 2000e-5(f)(3). Only if the defendant is not subject to suit in a district satisfying one of these three criteria may the action be brought in the judicial district in which the defendant has its principal office. Id.

Plaintiff admits that at all times relevant to the Complaint, she was employed by DAPS. (Compl. at ¶ 4).[1] For this entire period, the DAPS Office was located at 1401 South Fern Street, Arlington, Virginia. (Declaration of Cecil Thomas "Thomas Decl." at ¶ 2; see Compl. at ¶ 8 (Plaintiff refers to herself as a "Fern Street supervisor")). Thus, all alleged discriminatory acts taken against Plaintiff were perpetrated within the Eastern District of Virginia. See Robinson v. Potter, 2005 WL 1151429 at *3 (D.D.C. May 16, 2005) ("venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'"). Moreover, all files essential to the prosecution and defense of this litigation are maintained either in Virginia or in Pennsylvania. (Thomas Decl. at ¶ 3-6).

Plaintiff does not allege that she ever worked or was discriminated against by Defendant in the District of Columbia or that her employment records are located here. Thus, the District of Columbia does not satisfy the special venue provisions applicable to the instant case.

The Eastern District of Virginia is able to exert jurisdiction over Defendant, and Defendant is amenable to suit there. Therefore, Plaintiff cannot avail herself of the

---

[1] Plaintiff's factual allegations begin in 1996 and extend to November 2001. (Compl. at ¶ 9, 44).

"principal office" provision of 42 U.S.C. § 2000e-5(f)(3). However, even if this provision were applicable to the case at bar, venue would lie not in the District of Columbia, but in the Eastern District of Virginia. (Thomas Decl. at ¶ 3).

Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the Eastern District of Virginia. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in this case for improper venue. Alternatively, to serve the ends of justice, the Court may transfer this matter to the United States District Court for the Eastern District of Virginia.

Respectfully Submitted,

\_\_\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney
555 Fourth Street, N.W., Room E4412
Washington, D.C. 20530
202/616-5309

Case 1:06-cv-01166-ESH  Document 3  Filed 10/12/2006  Page 6 of 6