UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIANA JACKSON-SPELLS, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1166 (ESH) |
| DONALD H. RUMSFELD, Secretary, ) U.S. Department of Defense, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's motion to dismiss or transfer for improper venue. Defendant's motion was filed and served electronically on October 12, 2006; therefore, plaintiff's opposition was due on or before October 26, 2006, under the Local Rules. *See* LCvR 7(b) (opposition shall be filed "[w]ithin 11 days of the date of service [of the motion]"); Fed. R. Civ. P. 6(e) ("Whenever a party must or may act within a prescribed period after service and service is made [by electronic or certain other means], 3 days are added after the prescribed period would otherwise expire . . ."). Plaintiff has not yet filed a response to defendant's motion. Although, in these circumstances, the Court may treat the motion as conceded, LCvR 7(b), it is clear from the complaint and defendant's moving papers that, in fact, venue is not proper in this district but would be proper in the Eastern District of Virginia. Accordingly, the Court will grant defendant's motion on the merits and transfer this case to the United States District Court for the Eastern District of Virginia.

Plaintiff, a resident of Maryland, has brought this Title VII action arising out of her

employment with the Department of Defense, Defense Logistics Agency (DLA), Defense Automated Printing Services (DAPS). Title VII includes a specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which permits an action under the statute to be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . ." *Id.* In the event that the defendant cannot be found in any of the foregoing districts, the action may be brought in the judicial district in which the defendant has its principal office. *Id.* The venue provision of Title VII "controls any other venue provision governing actions in federal court." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100 (D.C. Cir. 1969)).

In this case, there is no basis under 42 U.S.C. § 2000e-5(f)(3) for venue in the District of Columbia. First, it appears from the complaint that plaintiff is challenging unlawful employment practices at a DAPS office that was located at all relevant times in Arlington, Virginia. (*See* Compl. ¶ 30 (describing plaintiff as a "Fern Street supervisor[]"); Declaration of Cecil Thomas ¶ 2 (from 1995 until September 2004, DAPS office was located at 1401 S. Fern Street, Arlington, Virginia).) Plaintiff does not allege that any of the discriminatory acts set forth in the complaint was taken in the District of Columbia. Second, while plaintiff does not allege where the employment records relevant to her claims are maintained, defendant has submitted a sworn declaration from the Deputy Director for the DAPS office in Alexandria, Virginia, stating that records regarding the practices and policies of the DAPS as well as employment records for DAPS employees are maintained in Pennsylvania and that records regarding the practices and

policies of the Department of Defense and the DLA are maintained in Virginia. (Thomas Decl. ¶¶ 3-6.) Third, plaintiff does not allege that she would have worked in the District of Columbia but for the alleged discrimination. Finally, although plaintiff lists a District of Columbia address for the Secretary of Defense, the only named defendant, in the caption of her complaint, in fact, the Department of Defense has its principal office in Arlington, Virginia (Thomas Decl. ¶ 3), and the defendant thus can be found in the Eastern District of Virginia, where the unlawful employment practices that plaintiff complains of allegedly were committed.[1]

Accordingly, the motion to transfer [Dkt. # 3] is **GRANTED**, and the Clerk of Court is ordered to transfer this case to the United States District Court for the Eastern District of Virginia.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 30, 2006

---

[1] Even if plaintiff were permitted to rely on the location of defendant's principal office as a basis for venue, venue still would be improper in this district since, as noted, the principal office of the Department of Defense is in Arlington, Virginia, not the District of Columbia. *See Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002) (venue would not be proper in District of Columbia under "principal office" provision in suit against Secretary of Defense because "the principal offices of the defendant are in Arlington, Virginia").